ALICE M. BATCHELDER,
concurring in part and dissenting in part.
I would reverse the grant of summary judgment, regarding the duty to defend, for all three plaintiffs. Under the insurance policy and under Tennessee law, Gainsco had a duty to defend the suit until it established sufficient facts to prove otherwise. The burden was on Gainsco to disprove coverage, which it did not do under the present circumstances; it merely asserted that Mandrill failed to produce evidence that the laborers were temporary workers. This reverses the burden of proof and ignores the extremely low threshold necessary for Mandrill to receive legal defense coverage.
There was a duty to defend, based on the pleadings, even if there was no duty to indemnify, based on the record. “The duty to defend is broader than the duty to indemnify because the duty to defend is based on the facts alleged, while the duty to indemnify is based upon the facts found by the trier of fact.” Travelers Indem. Co. v. Moore & Assoc., Inc., 216 S.W.3d 302, 306 (Tenn.2007).
[I]t is not uncommon that an insurer will have a duty to defend based on the allegations in the complaint, yet have no subsequent duty to indemnify the insured. This situation will occur when trial on the merits of the underlying claim proves the facts to be otherwise then as alleged, and judgment is entered on a ground dissimilar to the one contained in the complaint.
St. Paul Fire & Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn.1994) (citation omitted). In such a case, “[a]n insurer’s duty to defend is triggered when its policy arguably, as opposed to distinctly, covers the claims being made, and [the duty to defend] continues until the facts and the law establish that the claimed loss is not covered.” Standard Fire Ins. Co. v. Chester-O’Donley & Assocs., 972 S.W.2d 1, 11 (Tenn.Ct.App.1998) (citations omitted). Thus, Tennessee law demands that the duty to defend be determined by the language of the underlying complaint.
We must be careful, however, not to take this concept too literally. It appears *971 unreasonable to me that the duty to defend should depend entirely on semantics, particularly when the controlling document is necessarily authored by a third party ■without any legitimate interest in the tension between an insurer and an insured.[4] Under too rigid and formalistic of an approach, the employer would receive no legal defense coverage if the injured (and litigious) worker, while drafting her complaint, chose to label herself an “employee” or “temporary worker,” while that same (albeit more fortunate) employer would receive coverage if an identically-situated laborer chose to label herself an “independent contractor,” or chose not to label herself at all. This drastic difference would result even if the substance of the two complaints was otherwise identical. Such an outcome is unjustifiable (even nonsensical) and defies the ordinary concept of notice pleading. Therefore, I cannot conclude that the Tennessee Supreme Court would be likely to adopt such a position.
As one Tennessee state court of appeals decision explains, the rule on the duty to defend, which favors the allegations in the complaint rather than the actual facts of the case, was designed to protect the insured, not to limit the insurer’s coverage based on particular magic words:
It may be that the general rule ... [i.e., that the allegations of the complaint control the duty to defend] originated from cases where the allegations of the complaint brought the action within the coverage^] and the insurer, rather than the insured, sought to go behind the complaint and show that, in fact, the basis of the suit was beyond the scope of the policy. To permit the insurer to go behind the allegations of the complaint would tend to relieve the insurer of the duty of defending groundless actions in derogation of the duty imposed by the policy.
To apply the same rule to the insured would seem to violate the principal that in construing and applying insurance policies the apparent object and intent of the parties must be kept in mind. The purpose of the insured in this case under defendant’s policy was to obtain protection against the expense of defending suits, whether meritorious or groundless, within the area and scope of liability covered by the policy. To make this benefit conclusively and in all cases dependent upon the allegations of the complaint over which the insured can exercise no control would leave the protection offered by the policy to happenstance and, in many cases, amount to nothing short of a windfall for the insurer. Seldom would a pleader invite demurrer by charging the defendant with liability for the act of an independent contractor.
Dempster Bros., Inc. v. U.S. Fidelity & Guar. Co., 54 Tenn.App. 65, 388 S.W.2d 153, 155 (1964) (emphasis added). I find this explanation both practical and persuasive.
Therefore, I conclude that, under the insurance policy and under Tennessee law (both the prevailing law and the foreseeable Tennessee Supreme Court reasoning), Gainsco had a duty to defend the suit until such time as it established sufficient facts to prove otherwise. That is, the burden was on Gainsco to disprove coverage, *972 which it did not do under the present circumstances; Gainsco merely asserted that Mandrill had failed to produce evidence that the laborers were temporary workers. This reverses the burden of proof and ignores the extremely low threshold necessary for Mandrill to receive legal defense coverage. The grant of summary judgment should be reversed and remanded for a determination of Mandrill’s right to recover costs expended.

. Rare is the plaintiff with access to the specific terms of the employer's general liability insurance policy at the time the complaint is drafted. Thus, the injured worker, when drafting her complaint, cannot be expected to know whether she should label herself "leased worker” rather than "temporary worker,” nor should the mere label make any more difference than if she labeled herself “independent contractor” rather than "employee.”